UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )    Cr.  No. 24-00098-KD |
| | ) |
| Richard Colvin, | ) |
| Defendant. | ) |

DEFENDANT'S POSITION REGARDING SENTENCING FACTORS

The defendant responds to the draft presentence report (doc. 141) as follows:

1. *Paragraph 19.* The §2A6.1(b)(4)(A) specific offense characteristic of substantial disruption of business functions is inapplicable, and four offense levels should not be added to the base offense level. Chris Farmer testified that the church was in the process of enhancing security prior to Colvin's call on February 27, 2024.[1] While the call may have been somewhat disruptive, the

---

[1] Q. Now, prior to this happening, this call with Mr. Colvin, had your church taken security seriously?

A. They were beginning to. There are too many instances of people doing harm inside churches, and churches that just aren't prepared. Churches, by and large, are and should be a place where people can come in and be welcomed and safe and secure. And too many instances where people walk into churches and it gone poorly because a church was not ready.

Our church had begun the processes of taking some of steps. However, following the phone calls with Mr. Colvin, it no longer became something theoretical. It became something very practical and real and a very sobering call. (tr. p 88)

disruption was not 'substantial' within the meaning of §2A6.1(b)(4)(A).[2]

Compare *United States v. Dudley*, 463 F.3d 1221, 1224-6 (11th Cir. 2006) (offense characteristic found applied where the defendant mailed a judge an envelope containing white powder that purported to be anthrax; two court staff exposed to the letter were quarantined; threat forced closure of a state courthouse; judge who received the letter had to spend many hours with law enforcement; and enhanced security provided judge.) *See also United States v. Snipes*, 466 F. App'x 800, 802 (11th Cir. 2012) (unpublished) (substantial disruption found where at least 30 soldiers needed to provide additional security after defendant's threat to shoot National Guard members at a weekend drill.); *United States v. Sanders*, 511 F. App'x 463, 466 (6th Cir. 2013) (unpublished) (40 Coast Guard personnel required to search 90 miles of coastline); *United States v. Tucker*, 468 F. App'x 610, 611 (6th Cir. 2012) (unpublished) (bomb threat shut down insurance company's headquarters, causing $558,000 in losses); *United States v. Mohamed*, 459 F.3d 979, 981-82 (9th Cir. 2006)( false tip to DHS that terrorists planned to bomb a shopping mall required enhanced security by federal and state law enforcement agencies the an estimated 65 to 85 % decrease in mall sales.

---

[2] The Guidelines Manual does not define "substantial disruption." *United States v. Anwar*, 741 F.3d 1134, 1137 (10th Cir. 2013). However, the enhancement in §2B1.1(b)(2) for economic crimes which result in "substantial financial hardship" provides a useful analogy. Application Note 4(F) to §2B1.1 directs the court to consider a non-exhaustive list of factors to distinguish run of the mine "financial hardship" cases from those involving "*substantial* financial hardship." The listed factors include whether the conduct resulted bankruptcy, insolvency, or postponement of retirement.

2. *Paragraphs 26 and 53.* The total offense level, excluding the §2A6.1(b)(4)(A) specific offense characteristic, should be 12. The guideline sentencing range should be 10-16 months.

3. *Paragraph 66.* A downward departure from the guideline sentencing range is warranted under policy statements U.S.S.G. §5H1.3 and §5.K2.13. Section 5H1.3 recognizes that "[m]ental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." There is no question that Colvin's psychological conditions which impelled him to act inappropriately were present to an unusual degree.

U.S.S.G. §5K2.13 points out that a "downward departure may be warranted if … (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." The term "significantly reduced mental capacity" has a special meaning in the guidelines which is particularly apt here. The term "… means the defendant, although convicted, has a significantly impaired ability to … (B) control behavior that the defendant knows is wrongful." §5K2.13 Application Note (1). Paragraph 41 of the draft PSR briefly touches on Colvin's the serious psychological conditions. The forensic psychological reports prepared by the Bureau of Prisons described and

discussed these conditions in detail. (docs 30 and 31)[3] The BOP report leaves

no doubt Colvin's mental illness "significantly impaired ability [his] to …

control behavior that the defendant knows is wrongful."

Colvin is receiving ongoing therapy and medication through the

Veteran's Administration The Sentencing Commission has recognized that in

"…certain cases a downward departure may be appropriate to accomplish a

specific treatment purpose." §5C1.1, Application Note 6; §5H1.4  A downward

departure will ensure that treatment continues uninterrupted. Such a departure

would further the 18 U.S.C. §3553(a)(2)(C) and(D)[4] goals of deterrence and

rehabilitation. See §5D1.3(d)(5).

Mr.  Colvin has already received punishment for his conduct.  He was

incarcerated from initial appearance on June 10, 2024 through release on

conditions on November 13, 2024. (docs. 8 and 43) A sentence of

imprisonment for the he has already served, followed by a term of supervised

release with conditions which mandate and monitor continued therapy,

psychiatric treatment, and appropriate medication is a sentence which is just

and is sufficient but not greater than necessary to achieve the purposes of 18

U.S.C. §3553(a)(2).

---

[3] For purposes of sentencing the forensic psychological report concerning competency (doc 30) and sanity report (doc 31) are incorporated by reference.

[4] One purpose of sentencing is "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 USC §3553(a)(2)(D)

/s/ Arthur J. Madden, III
Arthur J. Madden, III
MADDA0656
Attorney for Defendant
465 Dauphin Street
Mobile, Alabama  36602
(251) 432-0380

CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Jessica Terrill, Esq.

/s/ Arthur J. Madden, III
